IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SHANE FIORENTINO                                                                                                     PLAINTIFF

    v.                                          Civil No. 5:23-cv-05012

HILLSBOROUGH COUNTY, FLORIDA;
THE SUPREME COURT OF FLORIDA; and
THE STATE OF FLORIDA                                                                                          DEFENDANTS

## REPORT AND RECOMMENDATION

This is a civil rights action filed by Plaintiff, Shane Fiorentino, a resident of Bentonville, Arkansas. Plaintiff proceeds *pro se* and has sought leave to proceed *in forma pauperis*.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915(e)(2)(B). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P.K. Holmes, United States District Judge, referred this case to the undersigned for the purpose of making this Report and Recommendation.

### I.  BACKGROUND

According to the allegations of the Complaint (ECF No. 1), Plaintiff was issued a "ticket" in Hillsborough County, Florida, and charged a fine of $300 in or about March of 2020. *Id.* at 5-6. Plaintiff does not indicate what the offense was the basis for the ticket.

Plaintiff indicates the ticket was based "on a 3rd party policing company[y's] evidence." (ECF No. 1. at 5). Plaintiff says he was never offered a trial by jury prior to his hearing. *Id.* When he appeared in court, Plaintiff states he was "mocked by a judge in a hearing full of people for [asserting] my 6th amendment right to face my accuser." *Id.* The judge purportedly quoted him a statute, denied his request, and told him to appeal. *Id.* Plaintiff asserts that the issuance of tickets in this manner is a primary source of funds from which many "ticket clinics" profit. *Id.* at 5. Plaintiff has alleged violations of his Sixth, Seventh, and Eighth Amendment rights. *Id.* at 4.

1

As a result of the fine, Plaintiff states he was left homeless. (ECF No. 1 at 6). Plaintiff indicates his damages are "$5,000 worth of fines that have stemmed from this." *Id.* He also asks for damages for the "immeasurable" amount of time wasted as a result. *Id.* Plaintiff requests an award of five million dollars. *Id.*

## II. APPLICABLE LAW

On initial review, the Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes,* 656 F. Supp 458, 464 (E.D.N.C. 1987); *In re Tyler,* 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III. DISCUSSION

The *Rooker-Feldman* doctrine provides that, with the exception of *habeas corpus* petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments and state proceedings. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415 (1923). The doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting [federal] district court review and

rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.,* 544 U.S. 280, 284 (2005). Likewise, review of state-court judgments is confined to the Supreme Court pursuant to 28 U.S.C. § 1257(a).

This is precisely the situation here. Plaintiff is seeking to appeal from the result of a hearing in a state court in Hillsborough County, Florida. Plaintiff may not appeal to this Court from the decision rendered by the state court in Hillsborough County. Instead, "[Plaintiff] must follow the appellate procedure through the state courts and seek review before the [United States] Supreme Court." *Dodson v. Univ. of Ark. for Med. Scis.,* 601 F.3d 750, 755 (8th Cir. 2010) (cleaned up).

## V. CONCLUSION

For the reasons stated above, the undersigned recommends this case be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. Adoption of this recommendation would result in the dismissal of the entire action. In that event, it is further recommended that the District Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this action would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**IT IS SO ORDERED** this 19th day of January 2023.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE